Mr. Jim Pledger, Director Department of Finance and Administration P.O. Box 3278 Little Rock, AR 72203
Dear Mr. Pledger:
This is in response to your request for an opinion on the following question:
 Does the Director of the Office of State Purchasing have the statutory authority to direct the Department of Computer Services to pay monies determined by the Director to be owed to Ericsson?
For the reasons that follow, it is my opinion that the answer to your question is "yes".
The Director of the Office of State Purchasing is created at A.C.A. 19-11-216 and the powers and duties of the Director are set out at 19-11-217. "Ericsson" is a contractor supplying the state's phone system.
It is my opinion that the Director has the authority you describe under either one of two statutory provisions. Firstly, Act 482 of 1979 17 (A.C.A. 19-11-215n) provides as follows:
 Centralization of Procurement Authority. All rights; powers, duties, and authority relating to the procurement of commodities and services, and the management, control, warehousing, sale, and disposal of commodities and services now vested in or exercised by any State agency which does not have an Agency Purchasing Official, under the several statutes relating hereto, and regardless of source of funding, are hereby transferred to the Office of State Purchasing, except as otherwise provided herein.
Thus in agencies which do not have an "Agency Purchasing Official", all authority over procurement is vested in the Office of State Purchasing, headed by the Director. "Agency Purchasing Official" is defined at A.C.A. 19-11-203 (1) (Supp. 1989) as:
 . . . any person authorized by a state agency to enter into and administer contracts and make written determinations and findings with respect thereto in accordance with procedures prescribed by this subchapter and the regulations promulgated under it. The term also includes an authorized representative acting within the limits of authority.
Based upon our information, "DCS" or the Department of Computer Services, does not have an "Agency purchasing official". Thus, as regards DCS, all authority over "procurement" of commodities and services is vested with the Director. The term "procurement" is defined as:
 . . . the buying, purchasing, renting, leasing, or otherwise obtaining of any commodities or services. It also includes all functions that pertain to the obtaining of any public procurement including description of requirements, selection and solicitation of sources, preparation and award of contract, and all phases of contract administration.
A.C.A. 19-11-203(19). It is my opinion that this language is broad enough to cover the actual paying over of the monies owed on a contract. One does not ordinarily "buy" or "purchase" something, as set out above, without paying for it. Additionally, paying for services or commodities can reasonably be included as a phase of "contract administration". Thus, DCS, if it has no "agency purchasing official" has no authority over the decision of whether monies should be paid to Ericsson. This authority lies with the Director.
Additionally, it is my opinion that the Director has the authority, under A.C.A. 19-11-246 to make a final administrative decision settling and resolving any contract controversy. That section provides:
 (a) APPLICABILITY. This section applies to controversies between the state and a contractor which arise under or by virtue of a contract between them. This includes, without limitation, controversies based upon breach of contract, mistake, misrepresentation, or other cause for contract modifications or rescission.
 (b) AUTHORITY. The State Purchasing Director, the head of a purchasing agency, or a designee of either officer is authorized, prior to commencement of an action in a court or any other action provided by law concerning the controversy, to settle and resolve a controversy described in subsection (a) of this section. This authority shall be exercised in accordance with the law governing the State Claims Commission and regulations promulgated by the director.
 (c) DECISION. If such claim or controversy is not resolved by mutual agreement, the director, the head of a purchasing agency, or the designee of either officer shall promptly issue a decision in writing. The decision shall state the reasons for the action taken.
* * *
 (e) FINALITY OF DECISION. The decision under subsection (c) of this section shall be final and conclusive.
Assuming this section applies, (i.e. there is a controversy between the state and a contractor arising by virtue of a contract between them), then it is my opinion that the Director clearly has the authority to "settle or resolve" the dispute by issuing a written decision on the matter.
It is my opinion that this written decision may find in favor of the contractor and decide that the contractor is entitled to payment. Because the decision is granted finality, it is my opinion that the Director may direct DCS to make the payment. Parties aggrieved by the decision may resort to their judicial remedies.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.